```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS


CRAIG GILBERT,

                    Plaintiff,
                                       CIVIL ACTION
          vs.                          No. 06-3190-SAC

ERIC MELGREN,

                    Defendants.
```

### ORDER

Plaintiff, a prisoner confined in the Larned Correctional Mental Health Facility in Larned, Kansas, proceeds pro se on a civil complaint seeking relief from governmental defendants. Plaintiff also seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

By an order dated July 25, 2006, the court found plaintiff was a "3-strike" litigant as provided in 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(g)("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). Finding nothing to suggest that plaintiff was subject to imminent physical harm, the court

denied plaintiff leave to proceed in forma pauperis and granted plaintiff additional time to pay the $350.00 district court filing fee required by 28 U.S.C. § 1914.

Plaintiff has not submitted this required filing fee.

Instead, plaintiff filed additional exhibits to document the state court judge's return of documents plaintiff submitted for filing in the state court (Doc. 5), and to seek medical relief on behalf of another person confined in the Larned facility (Doc. 6). Nothing in these exhibits or documents bear on the statutory requirement under § 1915(g) that plaintiff pay the full district court filing fee to proceed in this matter.

Plaintiff also filed a pleading titled as "Motion for Reconsideration of Dismissal En-Banc" (Doc. 7), in which plaintiff contends the "3-strike" provision in § 1915(g) violates federal law. The court finds no merit to this broad contention. *See e.g.* White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)(rejecting equal protection and due process challenges to § 1915(g), founded upon prisoner's First Amendment claim of right of access to the courts). Nor does the court find the "imminent harm" exception to the "3-strike" provision in § 1915(g) is satisfied by plaintiff's broad and bare claim that his continued confinement in the Larned facility subjects him to imminent harm of his physical and emotional well being.

Accordingly, the court concludes the complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) and plaintiff's failure to pay the $350.00 district court filing fee.

2

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 7) is denied, and that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 23rd day of August 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge